UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENIS MAE MICHAEL,

       Plaintiff,

v.                                         Case No.  1:11-CV-1200

COOPERSVILLE SCHOOL,            HON. GORDON J. QUIST

       Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Glenis Mae Michael, proceeding *pro se*, filed a form complaint against Defendant, Coopersville School, apparently alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*  On November 15, 2011, Magistrate Judge Carmody issued an order granting Plaintiff leave to proceed *in forma pauperis*.  Magistrate Judge Carmody thereafter screened Plaintiff's complaint, as she was authorized to do by 28 U.S.C. § 1915(e)(2), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  On December 8, 2011, Magistrate Judge Carmody issued a report and recommendation that Plaintiff's complaint be dismissed because it fails to state a claim upon which relief may be granted.

As permitted by 28 U.S.C. § 636(b)(1), Plaintiff has filed an Objection to the Report and Recommendation.  Having conducted a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the Complaint, the Court concludes that the Report and Recommendation should be adopted.

In recommending dismissal of Plaintiff's complaint, Magistrate Judge Carmody noted that the only fact Plaintiff alleged in support of her age discrimination claim was that she was 29 years old at the time of the alleged age discrimination. Based on Plaintiff's Objection, Magistrate Judge Carmody misinterpreted (understandably so) Plaintiff's allegation. Plaintiff states that she was 78 years old when Defendant hired her, apparently as a food service worker. Beyond, that, however, the Court is unable to ascertain a basis for an age discrimination claim.

Plaintiff's Objection is rambling and not entirely coherent. She mentions that other employees told her they did not want to work with her, but there is no indication that these comments had anything to do with her age or that they were part of a hostile environment based on age. Plaintiff further mentions eating beef stew and going to the hospital, but it is not clear how such facts support or relate to an age discrimination claim. Plaintiff states that "[w]hen school started this Jessica called me for two 4 hrs day and on November 1 2010 she called be for 2 ½ hrs and when she let me come home she never called me again." (Objection at 3.) Plaintiff further states that "some of the girls tryed [sic] to get her to call me and she never did and the school was supose [sic] to have put money in my retire." (*Id.*) Even giving Plaintiff's allegations the benefit of a liberal reading, there is no indication that Plaintiff was discriminated against because of her age. "The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts that have not been pleaded." *Olson v. Dep't of Criminal Investigation*, No. 11-4087-KES, 2011 WL 6001837, at * (D.S.D. Nov. 30, 2011) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued December 8, 2011 (docket no. 5) is **ADOPTED** as the Opinion of the Court, and Plaintiff's Objection (docket no. 6) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28

U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

A separate judgment will enter.

This case is **concluded.**


Dated:  January 19, 2012                              /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE